IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Darrell J. Mickell,<br><br>    Plaintiff,<br><br>vs.<br><br>Bryan Stirling, C. Reynolds, Mr. Davis,<br>Mr. Sharpe, Mr. Graham, and Mr. Nolan,<br><br>    Defendants. | Civil Action No. 6:15-4656-RBH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

    This matter is before the court on the plaintiff's motion for "order to show cause for preliminary injunction and temporary restraining order" (doc. 27). This is a civil rights action filed by a state prisoner proceeding *pro se*. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

    In his complaint, the plaintiff alleges violation of his constitutional rights based upon denial of showers and being kept in a poorly lit cell for long periods of time while he was in the Restricted Housing Unit at Lee Correctional Institution (*see* doc. 1 at 5-6). He further complains that, when he was returned to general population, his cell had no table or locker, which made him fearful that his property would be stolen (*id.* at 6). He further alleges that from February to April 2015 he was forced to eat cold food because the trays were not being served immediately (*id.* at 7). He seeks an order from the court preventing the defendants from housing him in the "F-7 unit," feeding him cold meals, housing him in a cell with no lights, denying him a shower, and refusing to provide him with a locker and table in his cell (doc. 27-2).

    The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. *See e.g., U.S. Dep't of Labor v. Wolf Run Mining Co.*,

452 F.3d 275, 281 n.1 (4th Cir.2006). The United States Supreme Court has held that a party seeking a preliminary injunction or temporary restraining order must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir.2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reissued in part*, 607 F.3d 355 (4th Cir.2010). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 19–20; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the party's favor. *See Real Truth*, 575 F.3d at 346–47. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 19–23).

The plaintiff has failed to make a clear showing that he is likely to succeed on the merits of his claims or that he is likely to be irreparably harmed absent injunctive relief. The Eighth Amendment provides protection with respect to "the treatment a prisoner receives in prison and the conditions under which he is confined." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). However, the constitutional prohibition against the infliction of cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Eighth Amendment protection from cruel and unusual living conditions has both objective and subjective components. First, deprivations must be objectively serious in the sense that they violate contemporary notions of decency. *Rhodes v. Chapman*, 452 U.S. 337 (1981). Second, the plaintiff must show that subjectively the prison officials acted with a sufficiently culpable state of mind. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.). The

Supreme Court has held that prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825 (1994). A plaintiff must produce evidence of serious or significant physical or emotional injury resulting from the challenged conditions to withstand summary judgment on a prison living conditions claim. *Strickler*, 989 F.2d at 1380–81.

There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983). In other words, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016–17 & n.1 (4th Cir.1984) (collecting cases). South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. *See, e.g.*, *Keeler v. Pea*, 782 F.Supp. 42, 43–44 (D.S.C.1992). Furthermore, the plaintiff's cold food claims do not constitute a constitutional violation. *Reed v. Olson*, C.A. No. 4:09-3126-JFA-TER, 2011 WL 765559, at *3 (D.S.C. Jan. 19, 2011) ("The fact that the food . . .sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.") (citation omitted), *adopted by* 2011 WL 742509 (D.S.C. Feb 24, 2011). Moreover, the plaintiff has no constitutional right to have a locker and table in his cell. Further, the law is clear that bathing opportunities may be severely reduced or curtailed without violating an inmate's Eighth Amendment rights. *See, e.g., Shakka v. Smith*, 71 F.3d 162, 168 (4th Cir.1995) (inmate's constitutional rights were not violated where he was not given access to shower for three days after having feces thrown on him by fellow inmates, because he had access to water with which to clean himself); *Davenport v. DeRobertis*, 844 F.2d 1310, 1316–17 (7th Cir.1988) (holding that restricting inmates in segregated confinement to one shower

per week did not violate their constitutional rights); *Sarratt v. Ozmint*, C.A. No. 2:09–541–HFF–RSC, 2009 WL 3861135, at *5 (D.S.C. Nov.17, 2009) (granting summary judgment on inmate's claim that he was not allowed adequate showers); *Blackburn v. South Carolina*, C.A. No. 0:06–2011–PMD–BM, 2009 WL 63254, at *17 (D.S.C. March 10, 2009) (ten days without a shower and, after that, an average of one shower per week was not a constitutional deprivation).  Lastly, the plaintiff alleges that his cell in the Restrictive Housing Unit had no working lights (doc. 1, ¶ 26; doc. 1-3 at 7-9).  The plaintiff was moved out of the Restrictive Housing Unit on April 30, 2015 (doc. 1-2).  Accordingly, he has not made a clear showing that he is likely to be irreparably harmed absent injunctive relief.

Based upon the foregoing, the plaintiff's motion (doc. 27) should be denied.

IT IS SO RECOMMENDED.

February 1, 2016  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).