UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Darrell J. Mickell, ) | Civil Action No.: 6:15-cv-04656-RBH-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bryan Stirling, C. Reynolds, ) | |
| Mr. Davis, Mr. Sharpe, Mr. Graham, ) | |
| Mr. Nolan, Mr. Williams, Ms. Shaw, ) | |
| and Ms. Smith, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Darrell J. Mickell, a state prisoner proceeding pro se, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 against the above-named Defendants alleging violations of his constitutional rights. *See* ECF No. 1. Plaintiff subsequently filed a motion seeking preliminary injunctive relief. *See* ECF No. 27. The matter is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Kevin F. McDonald, who recommends denying Plaintiff's motion for injunctive relief.[1] *See* R & R, ECF No. 35. Plaintiff has filed objections to the R & R. *See* Pl.'s Objs., ECF No. 37.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept,

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## Discussion

In his complaint, motion for preliminary injunctive relief, and objections to the R & R, Plaintiff alleges he is confined in the Restricted Housing Unit at Lee Correctional Institution in Bishopville, South Carolina, has been forced to live in a cell with no lighting or table, has been forced to eat cold meals, has been forced to go without showering for long periods of time, and has no means of securing his personal property in his cell. *See* ECF Nos. 1, 27, & 37. Plaintiff seeks an order requiring prison officials to remedy these allegedly unconstitutional conditions of confinement.[2] *See* ECF No. 27-2. The Magistrate Judge recommends denying injunctive relief because Plaintiff has failed to make a clear showing that he is likely to succeed on the merits of his claims or that he is likely to be irreparably harmed absent injunctive relief. R & R at 4. Plaintiff objects to the Magistrate Judge's findings and

---

[2]     Plaintiff also requests a hearing on his motion pursuant to Federal Rule of Civil Procedure 65(a). *See* ECF No. 27-2.

2

recommendation. Pl.'s Objs. at 1-2.

Federal Rule of Civil Procedure 65 establishes the procedure for issuing preliminary injunctions.[3] *See* Fed. R. Civ. P. 65. Because of the extraordinary nature of injunctive relief, the Supreme Court has admonished that preliminary injunctions "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) that the plaintiff is likely to succeed on the merits, (2) that the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in the plaintiff's favor, and (4) that an injunction is in the public interest. *League of Women Voters of N. Carolina v. N. Carolina*, 769 F.3d 224, 236 (4th Cir. 2014) (citing *Winter*, 555 U.S. at 20). A plaintiff must make a *clear* showing that he is likely to succeed on the merits of its claim. *Winter*, 555 U.S. at 20-22. Likewise, a plaintiff must make a *clear* showing that he is likely to be irreparably harmed absent injunctive relief. *Id.* Only then may the court consider whether the balance of equities tips in the plaintiff's favor. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reissued in part*, 607 F.3d 355 (4th Cir. 2010), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977). Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Id.* at 347.

---

[3] Plaintiff styled his motion as an "order to show cause for preliminary injunction and temporary restraining order." ECF No. 27. Because Defendants have received notice and an opportunity to respond, the Court treats Plaintiff's motion as one for a preliminary injunction. *See, e.g.*, *Reliable Prop. Servs., LLC v. Capital Growth Partners, LLC*, 1 F. Supp. 3d 961, 962 n.2 (D. Minn. 2014) ("Although the motion is styled as a motion for a temporary restraining order, defendants have received notice and an opportunity to respond. Accordingly, the [c]ourt treats it as a motion for a preliminary injunction.").

The Prison Litigation Reform Act grants federal courts the authority to order preliminary injunctive relief in civil actions concerning prison conditions. *See* 18 U.S.C. § 3626(a)(2). However, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." *Id.* "The [C]ourt shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity [with state and local law] in tailoring any preliminary relief." *Id.*

Traditionally, preliminary injunctions are prohibitory in nature and designed "to protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003); *see Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013). In contrast, a mandatory preliminary injunction—which Plaintiff seeks in this case—compels immediate action, does not preserve the status quo, and should only be granted in "circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) (prison conditions case). "The authority of the district court judge to issue a preliminary injunction, especially a mandatory one[,] should be sparingly exercised." *Id.*

The Court finds Plaintiff is not entitled to mandatory preliminary injunctive relief compelling prison officials to immediately alter the status quo of Plaintiff's living conditions at Lee Correctional Institution.[4] After reviewing the record in this case, the Court agrees with the Magistrate Judge that

---

[4] The Court notes that after it received Plaintiff's objections to the R & R, Plaintiff filed a notice of change of address indicating he is now incarcerated at Broad River Correctional Institution in Columbia, South Carolina. *See* ECF Nos. 39 & 47. Thus, Plaintiff's request for injunctive relief appears to be moot because he apparently is no longer incarcerated at Lee Correctional Institution. Nevertheless, the Court addresses the merits of Petitioner's motion out of an abundance of caution.

Plaintiff has not made a clear showing that he is likely to succeed on the merits or suffer irreparable harm in the absence of preliminary relief. In so finding, the Court adheres to the well-established principle "that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities." *Taylor v. Freeman*, 34 F.3d 266, 268 (4th Cir. 1994). This case does not present such an extraordinary circumstance warranting immediate injunctive relief. Because Plaintiff has failed to establish the threshold elements necessary to demonstrate the need for a preliminary injunction, the Court must deny preliminary injunctive relief.[5]

## Conclusion

The Court has reviewed the entire record, including the Magistrate Judge's R & R and Plaintiff's objections, and applied the relevant law. The Court has conducted a de novo review of the R & R and finds no merit in Plaintiff's objections. For the reasons stated in this Order and in the Magistrate Judge's R & R, the Court overrules Plaintiff's objections [ECF No. 37] and adopts and incorporates the R & R [ECF No. 35] by reference.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for preliminary injunctive relief [ECF No. 27] is **DENIED.**

**IT IS SO ORDERED.**

---

[5] Plaintiff also argues he has satisfied the third and fourth *Winter* elements, namely that the balance of equities tips in his favor and that injunctive relief is in the public interest. Pl.'s Objs. at 2; *see Winter*, 555 U.S. at 20. The Court need not consider those elements because Plaintiff has not made a clear showing of success on the merits or irreparable harm (the first two *Winter* elements). *See Real Truth*, 575 F.3d at 346-47. Regardless, even if Plaintiff could make a clear showing on the first two *Winter* elements, he has not shown the balance of harm, assuming any, tips in his favor. *See, e.g.*, *Wetzel*, 635 F.2d at 288 ("The possible injury to the [prison administrators] if the preliminary injunction stands is potentially grave."). Finally, Plaintiff cannot justify the public harm that would occur if the Court were to usurp prison administrators' decisions—regarding important issues such as Plaintiff's cell assignment in the Restricted Housing Unit—based solely on the allegations made by Plaintiff at the outset of this lawsuit.

| | |
|---|---|
| Florence, South Carolina<br>May 31, 2016 | <u>s/ R. Bryan Harwell</u><br>R. Bryan Harwell<br>United States District Judge |