UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Darrell J. Mickell, ) | Civil Action No.: 6:15-cv-04656-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bryan Stirling, C. Reynolds, ) | |
| Mr. Davis, Mr. Sharpe, Mr. Graham, ) | |
| Mr. Nolan, Mr. Williams, Ms. Shaw, ) | |
| and Ms. Smith, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Darrell J. Mickell, a state prisoner proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against the above-captioned Defendants alleging violations of his constitutional rights. Defendants have filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See* ECF No. 56. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina.[1] *See* R & R [ECF No. 95]. The Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment. R & R at 7. Plaintiff has filed timely objections to the R & R. *See* ECF No. 97.

**Legal Standards**

**I.    Review of the R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's

---

[1] The Magistrate Judge reviewed Plaintiff's verified complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## II.    Summary Judgment

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and

inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

## **Discussion**[2]

In his verified complaint,[3] Plaintiff alleges Defendants subjected him to unconstitutional conditions of confinement at Lee Correctional Institution ("LCI") in Bishopville, South Carolina.[4] *See* Complaint [ECF No. 1]. Plaintiff brings claims pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth Amendment's prohibition against cruel and unusual punishment. *Id.* He asserts three claims relating to the time period when he was confined in the Restricted Housing Unit ("RHU")[5] at LCI, alleging he was (1) denied regular showers, (2) deprived of adequate lighting in his cell, and (3) served cold food. Plaintiff asserts a fourth claim relating to the time period when he was returned to general population at LCI, alleging he was housed in a cell that did not contain a locker or table. The Magistrate Judge recommends granting Defendants' motion for summary judgment on all claims. R & R at 4-7. Plaintiff has filed timely objections to the R & R. *See* Pl.'s Objs. [ECF No. 97]. Defendants have not filed a reply to Plaintiff's objections.

**I.     Qualified Immunity**

---

[2]     The R & R contains a full summary of the procedural and factual history of this case, which the Court adopts and incorporates by reference without repeating here.

[3]     Plaintiff's verified amended complaint is viewed as an opposing affidavit and may, standing alone, defeat summary judgment if it contains allegations that are based on personal knowledge. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

[4]     The Court previously denied Plaintiff's motion for a preliminary injunction. *See* ECF No. 53.

[5]     "RHU management is different from certain other housing units of LCI. RHU is often referred to as the prison within the prison. Security of inmates is managed in different ways from other housing units. Inmates have less freedoms than inmates housed in other areas of LCI." Davis Affidavit [ECF No. 56-3] at ¶ 5.

Plaintiff first objects to the Magistrate Judge's finding that Defendants are entitled to qualified immunity. *See* R & R at 7. Plaintiff asserts the "Magistrate Judge is not authorized to raise defenses on behalf of the Defendants," and he contends that while Defendants "raised various defenses, qualified immunity was not one of them." Pl.'s Objs. at 1-2. Plaintiff further contends "Defendants did not raise a qualified immunity defense . . . within the motion for summary judgment." *Id.* at 7. Thus, Plaintiff claims the Magistrate Judge erred by sua sponte invoking the affirmative defense of qualified immunity.

Qualified immunity is an affirmative defense to liability under § 1983, and the defendant bears the burden of pleading it. *Jones v. Chandrasuwan*, 820 F.3d 685, 691 (4th Cir. 2016); *Sales v. Grant*, 224 F.3d 293, 296 (4th Cir. 2000). Qualified immunity "shields government officials performing discretionary functions from personal-capacity liability for civil damages under § 1983, insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Occupy Columbia v. Haley*, 738 F.3d 107, 118 (4th Cir. 2013) (internal quotation marks omitted). A court must conduct a two-step inquiry when determining whether qualified immunity applies. *Jones*, 820 F.3d at 691. "First, a court must decide whether the facts that a plaintiff has shown make out a violation of a constitutional right. Second, the court must consider whether the right at issue was 'clearly established' at the time of the alleged misconduct." *Id.* (internal citation omitted).

Although Defendants plead qualified immunity in their answer to Plaintiff's verified complaint, they do ***not*** argue or even mention qualified immunity in their motion for summary judgment. *Compare* Answer [ECF No. 30] at ¶ 12, *with* Defs.' Motion & Memo. [ECF Nos. 56 & 56-1]. Instead, Defendants' arguments in their summary judgment motion focus wholly on the merits of Plaintiff's

conditions of confinement claims,[6] and Defendants do ***not*** make the distinct argument that their alleged conduct did not violate a clearly established constitutional or statutory right of which a reasonable person would have known. Moreover, Defendants have not filed a reply rebutting Plaintiff's objection. The Fourth Circuit has flatly stated that "an issue of qualified immunity [is] distinct from the question of whether a constitutional violation occurred," held that a qualified immunity defense cursorily raised in an answer and not clearly raised in a motion for summary judgment is deemed abandoned, and declined to consider qualified immunity sua sponte in a § 1983 case. *Buffington v. Baltimore Cty.*, 913 F.2d 113, 120-22 (4th Cir. 1990).[7] Consequently, Defendants can be deemed to have waived their qualified immunity defense. Qualified immunity is not a proper basis for granting summary judgment, and the Court respectfully rejects the portion of the R & R finding Defendants are entitled to qualified immunity. Nevertheless, Defendants are still entitled to summary judgment because Plaintiff's claims fail on the merits, as explained below.

## II.     Plaintiff's Claims

Plaintiff also objects to the Magistrate Judge's determination that none of his four conditions of confinement claims amount to a constitutional violation. *See* R & R at 4-6.

---

[6]     Defendants also address Plaintiff's claims by applying *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and cases citing *Bivens*. *See* Defs.' Mem. at 7-8, 10. The Court notes *Bivens* is inapplicable because all Defendants are state—not federal—officials. *See generally Bivens*, 403 U.S. at 397 (establishing a direct cause of action under the United States Constitution for violations of federal constitutional rights perpetrated by federal officials).

[7]     *See also Sales*, 224 F.3d at 296-97 (finding the defendants "waived their right to assert qualified immunity" when they only cursorily mentioned the defense in their answer to a § 1983 complaint and omitted it from their motion for summary judgment); *Brooks v. Davis*, 141 F.3d 1157, 1998 WL 196739, at *1 n.1 (4th Cir. 1998) (unpublished table decision) (citing *Buffington* and holding the defendants waived their qualified immunity defense—"raised only in their answer"—"by failing to raise it in their motion for summary judgment or their objections to the magistrate judge's report"); *Martin v. Lott*, No. 3:07-cv-03782-JFA, 2010 WL 547175, at *4 (D.S.C. Feb. 9, 2010) (citing *Buffington* and *Sales* and "declin[ing] to assess the merits of a qualified immunity defense" because the defendants did not raise it in their motion for summary judgment), *aff'd*, 407 F. App'x 761 (4th Cir. 2011).

The Eighth Amendment, which prohibits the infliction of "cruel and unusual punishments," protects inmates from inhumane treatment and conditions during incarceration. *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). To succeed on an Eighth Amendment claim that a prisoner was not provided humane conditions of confinement, the prisoner must prove two components: "(1) that the deprivation of [a] basic human need was *objectively* sufficiently serious, and (2) that *subjectively* the officials act[ed] with a sufficiently culpable state of mind." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (alterations in original) (internal quotation marks omitted). "[T]he constitutional prohibition against the infliction of cruel and unusual punishment does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (internal quotation marks omitted). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta*, 330 F.3d at 634. "In order to demonstrate such an extreme deprivation, a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions, or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *Id.* (internal quotation marks and citations omitted).

Viewing the facts and drawing all reasonable inferences in a light most favorable to Plaintiff, the Court agrees with the Magistrate Judge that Defendants are entitled to summary judgment on all four of Plaintiff's conditions of confinement claims.[8] Regarding the objective component of the Eighth Amendment analysis, Plaintiff has not produced evidence of a serious or significant physical or

---

[8] In reaching this finding, the Court has thoroughly reviewed the entire record, including Plaintiff's verified complaint and attached exhibits, the exhibits attached to Defendants' motion for summary judgment, and the exhibits attached to Plaintiff's response in opposition. *See* ECF Nos. 1, 56, & 88.

6

emotional injury resulting from any of the challenged conditions, nor has he demonstrated a substantial risk of such serious harm resulting from his exposure to any of the challenged conditions, as fully explained in the R & R.[9]  *See* R & R at 4-6.  For this reason alone, Defendants are entitled to summary judgment.  *See Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993) ("[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions. . . .  If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment.").  Moreover, even assuming *arguendo* that the objective component is met, the evidence does not support a finding that Defendants acted with a sufficiently culpable state of mind, as fully explained in the R & R.  *See* R & R at 4-6.

---

[9]     Regarding Plaintiff's claim that he was denied regular showers—even for as long as thirty-seven consecutive days—the Court notes the Fourth Circuit recently affirmed (in an unpublished opinion) another court's grant of summary judgment on a similar claim and facts.  *See Collins v. Padula*, No. 2:12-cv-03112-DCN-BHH, 2014 WL 1319103 (D.S.C. Feb. 11, 2014), *R & R adopted in part*, 2014 WL 1318978 (D.S.C. Mar. 31, 2014), *aff'd*, 582 F. App'x 258 (4th Cir. 2014).  In *Collins*, the plaintiff alleged that he was housed in the prison's special management unit, that prison policy dictated a shower be provided three times per week there, "that he sometimes d[id] not receive a shower for over 30 days," and that he contracted a fungus on his feet and in his ears due to the denial of showers.  2014 WL 1319103, at *3, *7.  The magistrate judge recommended granting summary judgment for defendants on the shower claim, and the district court agreed and granted summary judgment.  *See* 2014 WL 1318978, at *3 (D.S.C. Mar. 31, 2014) (addressing the plaintiff's objection "that defendants violated his rights because 'he was only receiving a shower once a Month from June 2012 until Jan 2013 and in the Month of October [i.e., at least thirty-one days] received no Shower'"; and concluding the plaintiff's "claim regarding his limited opportunities to shower fails because it does not arise to the level of deprivation countenanced by the Eighth Amendment," specifically because the plaintiff "has not alleged any serious or significant emotional or physical injury that has resulted from the infrequency of his showers), *aff'd*, 582 F. App'x 258 (4th Cir. 2014) ("We have reviewed the record and find no reversible error.  Accordingly, we affirm for the reasons stated by the district court.").  Other courts have found no Eighth Amendment violation with shower delays comparable to that in Plaintiff's case.  *See, e.g.*, *Landman v. Royster*, 333 F. Supp. 621, 650 (E.D. Va. 1971) ("There was evidence . . . that some inmates were not permitted to shower during extended stays in solitary.  Relief on this score will be denied because there is no proof that at such times they were also denied the necessary sanitary items so that they might wash in their cells."); *Waring v. Meachum*, 175 F. Supp. 2d 230, 241 (D. Conn. 2001) (citing *Fisher v. Barbieri*, 3:95CV913 (D. Conn. May 19, 1999), in which the court found no Eighth Amendment violation "where showers were prohibited during [a] twenty[-]eight day lockdown"); *Wright v. DeBruyn*, No. 3:93-CV-448RP, 1996 WL 441879, at *7 (N.D. Ind. June 4, 1996) (finding no Eighth Amendment violation where showers were suspended for "three to four weeks after the initiation of [a] lockdown" because "soap was immediately available to offenders").

The Court finds summary judgment is proper on all claims because there is no genuine issue of material fact as to either the objective or subjective components of the Eighth Amendment analysis. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993) (stating a plaintiff must satisfy "both the subjective and objective elements necessary to prove an Eighth Amendment violation").

### III.   Plaintiff's Other Objections

Plaintiff presents several other objections to the R & R. First, he challenges the Magistrate Judge's statement that "the plaintiff describes himself as mentally-ill." Pl.'s Objs. at 1; *see* R & R at 1 (citing Compl. at ¶ 43). Plaintiff contends he "is in fact mentally ill" and this fact can be "checked and shown." Pl.'s Objs. at 1. The Court notes the Magistrate Judge was simply quoting from Plaintiff's complaint,[10] and in any event, the "mentally-ill" description is of no consequence to the Court's disposition of Plaintiff's claims.

Second, Plaintiff asserts, "The Magistrate Judge has been biased and prejudiced against the Plaintiff's case from the outset and continues to show his tactic for assisting and shielding the Defendants against justice." Pl.'s Objs. at 1. Plaintiff further claims "the Magistrate Judge has shown that he is for the Defendants regardless of the genuine issue of material fact or with any regard to justice." *Id.* at 2. The Court finds Plaintiff's baseless assertions are wholly meritless. *See generally Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Jones v. Luthi*, 586 F. Supp. 2d 595, 604-05 (D.S.C. 2008) ("[T]o the extent Plaintiff is objecting to the Reports and Recommendations due to the Magistrate Judge's alleged bias, that objection is wholly without merit. . . . The fact that the Magistrate Judge recommended ruling against Plaintiff . . . is no indication of bias."), *aff'd*, 324 F. App'x 253 (4th Cir.

---

[10]    *See* Compl. at ¶ 43 ("Plaintiff is classified as mentally ill.").

2009).

Third, Plaintiff cites portions of the South Carolina Constitution and the South Carolina Code, alleging Defendants are not complying with state law governing the conditions of prisons. Pl.'s Objs. at 2, 4. However, Plaintiff has filed this action pursuant to 42 U.S.C. § 1983,[11] and "violations of state law are not cognizable under § 1983."[12] *Love v. Pepersack*, 47 F.3d 120, 124 n.5 (4th Cir. 1995). *See also Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) ("Section 1983 was intended to protect only federal rights guaranteed by federal law . . . ."). Thus, to the extent Plaintiff claims Defendants are not complying with South Carolina law governing the conditions of prisons, the Court will not address this claim.[13]

The remainder of Plaintiff's objections consists of repetition of his original allegations, along with summaries of legal standards and various cases. *See, e.g.*, Pl.'s Objs. at 1, 3-4, 6. The Court notes these objections do not point to any specific error in the R & R, and therefore the Court need not address them. *See Orpiano*, 687 F.2d at 47.

## **Conclusion**

---

[11] *See* Compl. at ¶ 1 ("This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.").

[12] Similarly, Plaintiff appears to challenge Defendants' alleged failure to comply with the "rules and regulations" of the South Carolina Department of Corrections. Pl.'s Objs. at 4. The law is settled that a prison official's alleged failure to follow institutional policies or procedures does not by itself amount to a constitutional violation. *See Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013) ("[P]rison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of a constitutional violation."); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (finding violations of prison rules which fail to reach the level of a constitutional violation are not actionable under § 1983).

[13] To the extent Plaintiff's complaint could be construed to assert state law claims over which the Court would possess supplemental jurisdiction, *see* 28 U.S.C. § 1367(a), such claims should not proceed, given the Court's dismissal of all federal claims. *See* 28 U.S.C. § 1367(c)(3) (stating a district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. . . . Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

The Court has thoroughly reviewed the entire record, including the Magistrate Judge's R & R and Plaintiff's objections. The Court has conducted a de novo review of those portions of the R & R to which Plaintiff specifically objects. For the reasons stated in this Order, the Court overrules all of Plaintiff's objections and adopts the R & R [ECF No. 95], *except the portion regarding qualified immunity*. Accordingly, the Court **GRANTS** Defendants' motion for summary judgment [ECF No. 56] and **DISMISSES** Plaintiff's claims brought under 42 U.S.C. § 1983 *with prejudice*.[14]

**IT IS SO ORDERED.**

Florence, South Carolina             s/ R. Bryan Harwell
February 15, 2017                    R. Bryan Harwell
                                     United States District Judge

---

[14] Plaintiff's state law claims, if any, are **DISMISSED** *without prejudice* pursuant to 28 U.S.C. § 1367(c).